UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ROBERT OBERLE,

    Plaintiff,

**JURY TRIAL DEMANDED**

v.

HABIBI CORPORATION, a Florida profit corporation d/b/a THE BULL, and IVONA HRABCOVA,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ROBERT OBERLE, ("OBERLE") by and through his undersigned attorney, file his Complaint for Damages against Defendants, HABIBI COROPORATION., a Florida profit corporation d/b/a THE BULL, (hereinafter "BULL"), and IVONA HRABCOVA, (hereinafter "HRABCOVA"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 26 U.S.C. §7434.

3. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. During all time periods set forth herein Defendants, BULL and HRABCOVA, operated a restaurant.

5. At all times material hereto, corporate Defendant, BULL, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

6. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, the Plaintiff handled food and drinks which were originally manufactured outside the State of Florida.

7. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

8. During all time periods set forth herein, the Defendants had no less than 5 other employees handling, selling or otherwise working on goods or materials that had moved in or were produced for commerce. Those workers also handled food and drinks at the Defendants' restaurant, which were originally manufactured outside the State of Florida.

9. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

10. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## **VENUE**

11. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

b.  Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

12. At all times material hereto, Plaintiff, OBERLE was a resident of Key West, Monroe County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

13. During the time period set forth herein, corporate Defendant, BULL was conducting business in Key West, Monroe County, Florida, with its principal places of business in that city.

14. During the time periods set forth herein, Defendant, BULL was and continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendants, BULL and HRABCOVA were and continue to be "employer[s]" within the meaning of the FLSA.

16. During all time periods set forth herein, Defendants, BULL and HRABCOVA knowingly, willfully and maliciously failed to pay Plaintiff, OBERLE his lawfully earned wages in conformance with the FLSA.

17. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

18. At all times material hereto, the work performed by Plaintiff, OBERLE was directly essential to the business performed by Defendants.

19. Plaintiff, OBERLE has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

20. On or about September 3, 2020, Plaintiff, OBERLE was hired by the Defendants as a bartender at the Defendants' restaurant. His employment ended on about November 3, 2020.

21. During his employment set forth herein, above, Plaintiff, OBERLE was paid below the full minimum wage for his work hours.

22. Plaintiff, OBERLE was paid an hourly wage of $6.00 per hour.

23. The Defendants failed to satisfy all conditions precedent for taking an FLSA "tip credit" against the minimum wages of the Plaintiff and other bartenders.

24. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

25. Defendant, HRABCOVA was a supervisor and or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff. Therefore, she is personally liable for the FLSA violations.

26. Defendant, HRABCOVA was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

27. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

28. Plaintiff realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

30. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

31. Defendants unlawfully availed themselves to an FLSA "tip credit."

32. The Defendant failed to satisfy all legal prerequisites to taking a tip credit under the FLSA.

33. The Defendants failed to permit the Plaintiff to retain all his tips.

34. The Defendants acted willfully.

35. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in his favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest;

e. recoupment of all tips which belonged to the Plaintiff; and,

f. all other and further relief this Court deems to be just and proper.

h. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  November 11, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: /s/. Peter Bober
     PETER BOBER
     FBN: 0122955